IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 19-1602-MN ) |
| EPAY SYSTEMS, INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) |

**DEFENDANT EPAY SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Epay Systems, Inc. ("Epay") answers Plaintiff Rothschild Digital Confirmation, LLC's Complaint by denying each allegation unless specifically admitted below:

1. Epay admits that the action purports to be one for patent infringement. Epay denies that it infringes the '872 patent, but lacks sufficient information to respond to the remaining allegations of paragraph 1 and therefore denies them.

2. Epay lacks sufficient information to respond to the allegations of paragraph 2 and therefore denies them.

3. Epay admits the allegations contained in paragraph 3.

4. While this paragraph states a legal conclusion to which no response is required, Epay denies the allegations of paragraph 4.

5. Epay denies the allegations of paragraph 5.

6. Epay denies the allegations of paragraph 6.

7. Epay denies the allegations of paragraph 7.

8. Epay denies the allegations of paragraph 8.

9. Epay denies the allegations of paragraph 9.

10. Epay denies the allegations of paragraph 10.

11. Epay denies the allegations of paragraph 11.

12. Epay denies the allegations of paragraph 12.

13. Epay denies the allegations of paragraph 13.

14. Epay denies the allegations of paragraph 14.

15. Epay denies the allegations of paragraph 15.

16. Epay denies the allegations of paragraph 16.

17. Epay denies the allegations of paragraph 17.

18. Epay admits that a copy of U.S. Patent No. 7,456,872 ("the '872 patent") is attached to the Complaint, but lacks sufficient information to admit or deny the remaining allegations of paragraph 18 and therefore denies them.

19. Epay lacks sufficient information to admit or deny the allegations of paragraph 19 and therefore denies them.

20. The '872 patent itself is the best evidence of its contents and Epay denies any inconsistent characterization of it.

21. The '872 patent itself is the best evidence of its contents and Epay denies any inconsistent characterization of it.

22. Epay denies the allegations of paragraph 22.

23. Epay lacks sufficient information to admit or deny the allegations of paragraph 23 and therefore denies them.

24. Epay denies the allegations of paragraph 24.

25. Epay denies the allegations contained in paragraph 25.

26. Epay denies the allegations contained in paragraph 26.

27. Epay denies the allegations contained in paragraph 27.

28. Epay denies the allegations contained in paragraph 28.

29. Epay denies the allegations contained in paragraph 29.

30. Epay denies the allegations contained in paragraph 30.

31. Epay denies the allegations contained in paragraph 31.

32. Epay denies the allegations contained in paragraph 32.

33. Epay denies the allegations contained in paragraph 33.

34. Epay denies the allegations contained in paragraph 34.

35. Epay denies the allegations contained in paragraph 35.

36. Epay denies the allegations contained in paragraph 36.

37. Epay denies the allegations contained in paragraph 37.

38. Epay denies the allegations contained in paragraph 38.

39. Epay denies the allegations contained in paragraph 39.

40. Epay denies the allegations contained in paragraph 40.

## ANSWER TO COUNT ONE

41. Epay incorporates its responses to the allegations in paragraphs 1 through 40 of the complaint fully.

42. Epay denies the allegations contained in paragraph 42.

43. Epay denies the allegations contained in paragraph 43 except to admit that it has been served with this Complaint.

44. Epay denies the allegations contained paragraph 44.

45. Epay denies the allegations contained paragraph 45.

46. Epay denies the allegations contained paragraph 46.

47. Epay denies the allegations contained paragraph 47.

48. Epay denies the allegations contained paragraph 48.

## ANSWER TO COUNT TWO

49. Epay incorporates its responses to the allegations in paragraphs 1 through 48 of the complaint fully.

50. Epay denies the allegations contained in paragraph 50.

51. Epay denies the allegations contained in paragraph 51.

52. Epay denies the allegations contained in paragraph 52.

53. Epay lacks sufficient information to admit or deny the allegations of paragraph 53 and therefore denies them.

54. Epay denies the allegations contained in paragraph 54.

55. Epay denies the allegations contained in paragraph 55.

## JURY TRIAL DEMAND

56. Epay demands a trial by jury on all causes of action so triable.

## ANSWER TO REQUEST FOR RELIEF

Epay specifically controverts the requests set forth in paragraphs 1 through 8 in the section of the Complaint titled "REQUEST FOR RELIEF," and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Epay has not and does not infringe any claim of the '872 patent either directly or

indirectly and either literally or under the doctrine of equivalents.

      2.      Plaintiff lacks standing to bring this suit.

      3.      The Complaint fails to state a claim upon which relief can be granted.

      4.      Plaintiff's claims lack merit and are otherwise exceptional under 35 U.S.C. § 285.

      5.      Plaintiff's claim for relief and for damages are limited by 35 U.S.C. §§ 286 and 287.

      6.      Plaintiff's claim is barred in whole or in part by laches, license, waiver, and/or estoppel.

      7.      The claims of the '872 patent are invalid under the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112, paragraphs 1 and 2.

      8.      Under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. V. CLS Bank Int'l*, 573 U.S. 208 (2014), the claims of the '872 patent are not patent eligible because such claims do not add an inventive concept to an abstract idea, thus being patent ineligible.

Defendant Epay respectfully requests that the Court:

      A.      Enter judgment in Epay's favor.

      B.      Award Epay its reasonable costs and fees, including attorneys' fees under 35 U.S.C. § 285.

      C.      Grant Epay such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| | */s/ Karen E. Keller*<br>Karen E. Keller (No. 4489)<br>Jeff Castellano (No. 4837)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor |
| OF COUNSEL:<br>Jay R. Campbell<br>TUCKER ELLIS LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113<br>(216) 696-5639 | Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>jcastellano@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendant* |

Dated: October 21, 2019